1  Peter Rukin (SBN 178336)
   RUKIN HYLAND DORIA & TINDALL LLP
2  100 Pine Street, Suite 725
   San Francisco, CA 94111
3  Telephone: (415) 421-1800
   Facsimile: (415) 421-1700
4  E-mail: peterrukin@rhdtlaw.com

5  Todd S. Heyman (*pro hac vice to be filed*)
   Robert E. Ditzion (*pro hac vice to be filed*)
6  SHAPIRO HABER & URMY LLP
   53 State Street 13th Floor
7  Boston, MA 02109
   Telephone: (617) 439-3939
8  Facsimile: (617) 439-0134
   E-mail: theyman@shulaw.com
9  E-mail: rditzion@shulaw.com
   E-mail: astewart@shulaw.com
10

11  Attorneys for PLAINTIFFS

12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15  MACK WARD and WILLIAM E. SIDWELL,        Case No
    on behalf of themselves and all others similarly
16  situated,

17             Plaintiffs,                   **COMPLAINT FOR DAMAGES AND
                                             INJUNCTIVE RELIEF**
18        v.
                                             **FLSA COLLECTIVE ACTION
19  FLUOR ENTERPRISES, INC.,                 RULE 23 CLASS ACTION (Calif. Claims)**

20             Defendant.                    **(1) FLSA MINIMUM WAGE&
                                             OVERTIME (29 U.S.C. §§ 207; 216(B),
21                                           255(A));
                                             (2) CALIFORNIA OVERTIME (CA
22                                           Labor Code §§ 1194, 1197);
                                             (3) RELATED CALIFORNIA LABOR
23                                           CODE CLAIMS;
                                             (4) VIOLATIONS OF CALIF. UCL
24                                           (CA Bus.& Prof. Code §17200 *et seq.*)
25
                                             **DEMAND FOR JURY TRIAL**
26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      - 1 -

1      1.     PLAINTIFFS Mack Ward and William E. Sidwell allege as follows on behalf of

2  themselves and all others similarly situated:

3                  **I.    JURISDICTION**

4      2.     This court has subject matter jurisdiction over PLAINTIFFS' First Claim For Relief

5  pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

6      3.     This Court has jurisdiction over PLAINTIFF Sidwell's Second, Third, Fourth and

7  Fifth Claims For Relief pursuant to 28 U.S.C. § 1367(a).

8           **II.    VENUE AND INTRADISTRICT ASSIGNMENT**

9      4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial

10  part of the events or omissions giving rise to the claim occurred here. Plaintiff Sidwell worked for

11  DEFENDANT in facilities and operations within this district, specifically, the Chevron Refinery in

12  Richmond, California. Accordingly, a substantial part of the events or omissions which give rise to

13  the claim occurred in Contra Costa County, and within the Division and Courthouse to which this

14  action has been assigned.

15               **III.    INTRODUCTION**

16      5.     This is an action for relief from the failure of DEFENDANT Fluor Enterprises, Inc.,

17  a subsidiary of Fluor Corporation, to pay PLAINTIFFS and other Project Controls Employees

18  proper overtime wages for its work in violation of federal and California state law. Specifically,

19  during the time period discussed herein, DEFENDANT paid PLAINTIFFS and other Project

20  Controls Employees at their regular hourly rate for time worked over 40 hours in each week rather

21  than time and one-half their hourly rate. DEFENDANT'S violation of the overtime laws was

22  knowing and willful.

23      6.     PLAINTIFFS bring claims for payment of overtime, liquidated damages, interest,

24  and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

25  ("FLSA"), on behalf of similarly situated individuals who have worked as Project Controls

26  Employees for DEFENDANT nationwide (collectively hereinafter "FLSA Collective Action

27  Members"). The collective action claims are brought on behalf of PLAINTIFFS and all FLSA

28

1    Collective Action Members during the period commencing three years prior to the filing of their

2    respective Consents (the "Collective Action Period").

3        7.    PLAINTIFF Sidwell also brings claims under California law for overtime

4    compensation, injunctive relief, restitution, disgorgement, statutory penalties, interest, and

5    attorneys' fees and costs. These California claims are brought on behalf of a Federal Rule of Civil

6    Procedure 23 Class of Project Controls Employees who worked for DEFENDANT in California

7    ("California Class Members") during the period commencing four years prior to the filing of this

8    action (the "Class Period").

9        8.    The California Class Members and FLSA Collective Action Members shall

10   hereinafter be collectively referred to as "Class and Collective Action Members."

11                          **IV.    PARTIES**

12   **A.    Plaintiffs**

13       9.    PLAINTIFF William E. Sidwell is a resident of Arizona. He worked for

14   DEFENDANT Fluor Enterprises, Inc., as a Project Controls Employee at facilities in Richmond,

15   California (during the "Class Period"); Detroit, Michigan; and Safford, Arizona.

16       10.   PLAINTIFF Mack Ward is a resident of Bakersfield, California. He also worked

17   for DEFENDANT Fluor Enterprises, Inc., during the Collective Action Period.

18   **B.    Defendant**

19       11.   DEFENDANT Fluor Enterprises, Inc., is incorporated under the laws of California

20   and has its corporate headquarters in Aliso Viejo, California. It is a subsidiary of Fluor

21   Corporation, one of the world's largest publicly owned engineering, procurement, construction,

22   maintenance, and project management companies. DEFENDANT Fluor Enterprises, Inc., is, and

23   at all relevant times has been, an employer covered by the Fair Labor Standards Act, Cal. Labor

24   Code, and IWC wage order No. 9.

25                      **V.    STATEMENT OF FACTS**

26       12.   Class and Collective Action Members consist of numerous Project Controls

27   Employees employed by DEFENDANT working at facilities around the country.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        - 2 -

1

13.    PLAINTIFFS and Class and Collective Action Members were not salaried

2

employees.

3

14.    PLAINTIFFS were paid on an hourly basis by DEFENDANT during the Collective

4

Action Period and the Class Period.

5

15.    PLAINTIFFS and Class and Collective Action Members were not paid time and

6

one-half their hourly rate for hours worked over 8 hours in a day or over 40 hours in a workweek.

7

16.    Instead, PLAINTIFFS and Class and Collective Action Members received their

8

regular hourly rate for all hours worked.

9

17.    PLAINTIFFS and Class and Collective Action Members were not overtime-exempt

10

employees under either federal or California law.

11

18.    While PLAINTIFFS and Class and Collective Action Members used computers and

12

various software programs to perform their job duties, they did not perform the work of computer

13

systems analysts, computer programmers, or software engineers.

14

19.    PLAINTIFFS and Class and Collective Action Members did not apply systems

15

analysis techniques and procedures to determine hardware, software, or system functional

16

specifications.

17

20.    PLAINTIFFS and Class and Collective Action Members did not design, develop,

18

document, analyze, create, test or modify computer systems or programs based on and related to

19

user or system design specifications.

20

21.    PLAINTIFFS and Class and Collective Action Members did not design, document,

21

test, create or modify computer programs related to machine operating systems.

22

22.    Instead, PLAINTIFFS and Class and Collective Action Members' work consisted of

23

gathering information from DEFENDANT'S clients regarding specific work projects and inputting

24

that information into computer programs that would make schedules and reports concerning the

25

performance of that work.

26

23.    The work performed by PLAINTIFFS and Class and Collective Action Members

27

did not require that they know how to program or write code to create or modify software.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        - 3 -

1   24.   PLAINTIFFS and Class and Collective Action Members were end-users of

2   software, not computer programmers or software developers.

3   25.   DEFENDANT was aware of the requirement to pay time and one-half overtime

4   compensation to employees who are paid by the hour as opposed to salaried.

5   26.   DEFENDANT agreed to pay approximately $1,000,000 dollars to settle claims

6   brought by the United States Department of Labor on behalf of employees who inspected housing

7   trailers during the Hurricane Katrina clean up and were, like the Project Controls Employees here,

8   paid straight time rates for overtime work hours.

9   ## VI.   COLLECTIVE ACTION ALLEGATIONS

10   27.   PLAINTIFFS bring their First Claim For Relief for violations of the FLSA as a

11   collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA

12   Collective Action Members, who include all persons nationwide who have worked for

13   DEFENDANT as Project Controls Employees within the applicable statutory time period.

14   28.   PLAINTIFFS and the FLSA Collective Action Members are similarly situated,

15   perform substantially similar duties for DEFENDANT, and are subject to DEFENDANT'S

16   common practice of unlawfully paying straight time rates for overtime work hours.

17   29.   The First Claim For Relief for violations of the FLSA may be brought and

18   maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §

19   216(b), because PLAINTIFFS' claims are similar to the claims of the FLSA Collective Action

20   Members.

21   30.   The names and addresses of the FLSA Collective Action Members are available

22   from DEFENDANT. Accordingly, PLAINTIFFS pray herein for an order requiring

23   DEFENDANT to provide the names and all available contact information for all FLSA Collective

24   Action Members, so notice can be provided to them of the pendency of this action, and their right

25   to opt-in to this action.

26   ## VII.   RULE 23 CLASS ACTION ALLEGATIONS

27   31.   PLAINTIFF Sidwell brings all claims alleged herein under California law as a

28   statewide class action on behalf of all persons who worked for DEFENDANT in California as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        - 4 -

1   Project Controls Employees during the time period covered herein.  PLAINTIFF Sidwell seeks to

2   certify a class pursuant to the Federal Rules of Civil Procedure, Rule 23 comprised of:

> All persons who are or have worked as Project Controls Employees for
> DEFENDANT in the State of California who were paid straight time rates for
> overtime work hours (referred to as "California Class Members") in any week
> during the period commencing four years from the filing of this action through the
> entry of final judgment in this action.

8        32.    The class claims herein have been brought and may properly be maintained as a

9   class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so

10   numerous that joinder of all class members is impracticable; (2) there are questions of law and or

11   fact common to the class; (3) the claims of the proposed class representatives are typical of the

12   claims of the class; and (4) the proposed class representative and his counsel will fairly and

13   adequately protect the interests of the class.  In addition, the questions of law or fact that are

14   common to the class predominate over any questions affecting only individual class members and a

15   class action is superior to other available means for fairly and efficiently adjudicating the

16   controversy.

17        a.    <u>Ascertainability and Numerosity</u>: The potential California Class Members

18   as defined herein are so numerous that joinder would be impracticable.  PLAINTIFF Sidwell is

19   informed and believes, and based on such information and belief, allege that DEFENDANT has

20   employed hundreds of Project Controls Employees in during the Class Period.  The names and

21   addresses of the California Class Members are available to the DEFENDANT.  Notice can be

22   provided to the California Class Members via first class mail using techniques and a form of notice

23   similar to those customarily used in class action lawsuits of this nature.

24        b.    <u>Commonality and Predominance of Common Questions</u>: There are

25   questions of law and fact common to PLAINTIFF Sidwell and the California Class Members that

26   predominate over any questions affecting only individual members of the Class.  These common

27   questions of law and fact include, without limitation:

28        i.    Whether DEFENDANT has failed to pay California Class Members

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    - 5 -

overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

        ii.     Whether DEFENDANT has employed California Class Members in a position subject to, and not exempt from, California's overtime pay requirements;

        iii.     Whether DEFENDANT has violated IWC wage order No. 9, § 3 and Cal. Labor Code §§ 510 and 1194 by its failure to pay California Class Members overtime compensation;

        iv.     Whether DEFENDANT's failure to pay overtime compensation to California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

        v.     Whether DEFENDANT has violated Labor Code §§ 201-203 by failing, upon termination, to timely pay California Class Members wages that were due for overtime wages;

        vi.     Whether DEFENDANT'S failure to pay all compensation owed to California Class Members at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*; and

        vii.     The proper formula for calculating disgorgement, restitution, damages, and other statutory penalties owed to PLAINTIFF Sidwell and the California Class Members alleged herein.

        c.     Typicality: PLAINTIFF Sidwell's claims are typical of the claims of the other California Class Members. DEFENDANT'S common course of unlawful conduct has caused PLAINTIFF Sidwell and similarly situated California Class Members to sustain the same or similar injuries and damages caused by the same practices of DEFENDANT. PLAINTIFF Sidwell's claims are thereby representative of and co-extensive with the claims of the other California Class Members.

        d.     Adequacy of Representation: PLAINTIFF Sidwell is a member of the Rule 23 Class defined herein, does not have any conflicts of interest with other California Class Members, and will prosecute the case vigorously on behalf of the Class. PLAINTIFF Sidwell will fairly and adequately represent and protect the interests of the California Class Members.

1   PLAINTIFF Sidwell's counsel are competent and experienced in litigating large employment class

2   actions, including large wage and hour class actions.

### VIII.   DAMAGES

4       33.    As a direct, foreseeable, and proximate result of DEFENDANT'S conduct,

5   PLAINTIFFS and similarly situated Class and Collective Action Members are owed overtime

6   compensation plus interest and/or liquidated damages, disgorgement, restitution, other statutory

7   penalties, and punitive damages, the precise amount of which will be proven at trial.

### IX.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FLSA CLAIMS, 29 U.S.C. § 201, *ET SEQ.*

### (ON BEHALF OF PLAINTIFFS AND

### FLSA COLLECTIVE ACTION MEMBERS)

13       34.    The allegations of each of the preceding paragraphs are re-alleged and incorporated

14   herein by reference, and PLAINTIFFS allege as follows a claim of relief on behalf of themselves

15   and all FLSA Collective Action Members.

16       35.    At all relevant times, DEFENDANT has been, and continue to be, an "employer"

17   engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the

18   meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, DEFENDANT has employed, and

19   continue to employ, "employee[s]" including PLAINTIFFS and each of the FLSA Collective

20   Action Members. At all relevant times, DEFENDANT has had gross operating revenues in excess

21   of $500,000.

22       36.    PLAINTIFFS consent to sue in this action pursuant to Section 16(b) of the FLSA,

23   29 U.S.C. § 216(b). Copies of PLAINTIFFS' consents to sue are attached hereto as Exhibits A and

24   B.

25       37.    The FLSA requires each covered employer, such as DEFENDANT, to compensate

26   all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay

27   for work performed in excess of forty (40) hours in a week.

1    38.    The FLSA Collective Action Members are entitled to overtime compensation for all

2    overtime hours worked.

3    39.    At all relevant times, DEFENDANT had a policy and practice of paying straight

4    time rates for overtime work hours to the FLSA Collective Action Members for their hours worked

5    in excess of forty (40) hours per week.

6    40.    By failing to compensate PLAINTIFFS and the FLSA Collective Action Members

7    at a rate of not less than one and one-half times the regular rate of pay for work performed in

8    excess of forty (40) hours in a workweek, DEFENDANT violated, and continues to violate, the

9    FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and § 215(a).

10   41.    PLAINTIFFS, on behalf of themselves and the FLSA Collective Action Members,

11   seek damages in the amount of unpaid overtime compensation, interest, and liquidated damages, as

12   provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as

13   the Court deems just and proper.

14   42.    PLAINTIFFS, on behalf of themselves and FLSA Collective Action Members, seek

15   recovery of attorneys' fees and costs of action to be paid by DEFENDANT, as provided by the

16   FLSA, 29 U.S.C. § 216(b).

17                              **SECOND CLAIM FOR RELIEF**

18                 **FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**

19            **(CAL. LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 9.)**

20        **(ON BEHALF OF PLAINTIFF SIDWELL AND ALL CALIFORNIA CLASS MEMBERS)**

21   43.    The allegations of each of the preceding paragraphs are re-alleged and incorporated

22   herein by reference, and PLAINTIFF Sidwell alleges as follows a claim of relief on behalf of

23   himself and the above-described Rule 23 Class of similarly situated California Class Members

24   employed by DEFENDANT in California.

25   44.    By failing to pay overtime compensation to PLAINTIFF Sidwell and similarly

26   situated California Class Members as alleged above, DEFENDANT has violated and continue to

27   violate Cal. Labor Code § 510 and IWC wage order No. 9, § 3, which require the payment of

28   overtime compensation for non-exempt employees.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        - 8 -

45.    As a result of DEFENDANT'S unlawful acts, PLAINTIFF Sidwell and similarly situated California Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

46.    By violating Cal. Labor Code § 510, DEFENDANT is liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194 and 1197.1.

47.    DEFENDANT'S actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFF Sidwell and California Class Members and in conscious disregard of their rights.

48.    PLAINTIFF Sidwell, on behalf of himself and similarly situated California Class Members, requests relief as described below.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (CAL. LABOR CODE § 226)

### (ON BEHALF OF PLAINTIFF SIDWELL AND ALL CALIFORNIA CLASS MEMBERS)

49.    The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and PLAINTIFF Sidwell alleges as follows a claim of relief on behalf of himself and the above-described Rule 23 Class of similarly situated California Class Members employed by DEFENDANT in California.

50.    Pursuant to California Labor Code section 226(a), employers must at the time of each payment of wages provide each employee with a wage statement itemizing, among other things: (1) gross wage earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the employee's name and social security number; (8) the employer's name and address of the legal entity that qualifies as the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

51.     California Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Section 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to reasonable attorneys' fees and costs.

52.     DEFENDANT knowingly and intentionally failed to provide timely, accurate, itemized wage statements to PLAINTIFF Sidwell and the California Class Members in accordance with California Labor Code section 226, as alleged above, by failing to indicate that overtime hours were worked and failing to pay premium pay for such overtime hours.  Accordingly, PLAINTIFF Sidwell and the California Class Members may recover the damages and penalties provided for under California Labor Code section 226(e), plus interest thereon, reasonable attorneys' fees, and costs.

53.     PLAINTIFF Sidwell, on behalf of himself and similarly situated California Class Members, requests relief as described below.

## FOURTH CLAIM FOR RELIEF

### FAILING TO PAY ALL WAGES DUE AT TERMINATION

### (CAL. LABOR CODE §§ 201, 202, 203)

### (ON BEHALF OF PLAINTIFF SIDWELL AND ALL CALIFORNIA CLASS MEMBERS)

54.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and PLAINTIFF Sidwell alleges as follows a claim of relief on behalf of himself and the above-described Rule 23 Class of similarly situated California Class Members employed by DEFENDANT in California.

55.     Labor Code § 201 provides that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination.  Labor Code § 202 provides that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation.  For every day that final wages or any part of the final wages remain unpaid in violation of Labor Code §§ 201 and 202, the employer is liable for a penalty equivalent to the employee's daily wage, for a maximum of 30 days. See Labor Code §203.

1    56.    During the relevant time period, PLAINTIFF Sidwell and the California Class

2    Members who are former employees ended their employment relationship with DEFENDANT

3    through either involuntary termination or resignation. DEFENDANT, however, willfully failed

4    and refused to pay these persons accrued wages and other compensation (including unpaid

5    overtime wages) due immediately upon termination or within 72 hours of their resignation as

6    required under California Labor Code sections 201 and 202, respectively.

7    57.    As a result of their failure to timely pay all wages owed at the time of termination

8    or, as applicable, within 72 hours of resignation, DEFENDANT owes PLAINTIFF Sidwell and

9    California Class Members who are former employees waiting time penalties under California

10   Labor Code section 203.

11   58.    PLAINTIFF Sidwell, on behalf of himself and similarly situated California Class

12   Members, requests relief as described below.

13                              **FIFTH CLAIM FOR RELIEF**

14              **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**

15                **(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

16   **(ON BEHALF OF PLAINTIFF SIDWELL AND ALL CALIFORNIA CLASS MEMBERS)**

17   59.    The allegations of each of the preceding paragraphs are re-alleged and incorporated

18   herein by reference, and PLAINTIFF Sidwell allege as follows a claim of relief on behalf of

19   himself and the above-described Rule 23 Class of similarly situated California Class Members and

20   in a representative capacity under Cal. Business and Professions Code § 17204.

21   60.    Cal. Business & Professions Code § 17200, *et seq.* prohibits unfair competition in

22   the form of any unlawful, unfair, or fraudulent business act or practice.

23   61.    Cal. Business & Professions Code § 17204 allows "any person acting for the

24   interests of itself, its members or the general public" to prosecute a civil action for violation of the

25   UCL.

26   62.    Beginning at an exact date unknown to PLAINTIFF Sidwell, but at least four years

27   prior to the filing of this action, DEFENDANT has committed unlawful, unfair, and/or fraudulent

28

1 | business acts and practices as defined by Cal. Business & Professions Code § 17200, *et seq.*, by

2 | engaging in the following:

3 |     a.    failing to pay overtime compensation to PLAINTIFF Sidwell and similarly

4 | situated California Class Members;

5 |     b.    failing to pay all accrued overtime compensation to PLAINTIFF Sidwell

6 | California Class Members upon termination of their employment;

7 |     c.    failing to provide accurate, itemized wage statements as required under

8 | California law; and,

9 |     d.    failing to pay all wages due at the time of termination of terminated

10 | California Class Members, including PLAINTIFF Sidwell.

11 |     63.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate

12 | acts and practices for purposes of Cal. Business and Professions Code § 17200, *et seq.*

13 |     64.    As a direct and proximate result of DEFENDANT'S unlawful, unfair, and/or

14 | fraudulent acts and practices described herein, DEFENDANT has received and continue to hold ill-

15 | gotten gains belonging to PLAINTIFF Sidwell and California Class Members.  As a direct and

16 | proximate result of DEFENDANT'S unlawful business practices, PLAINTIFF Sidwell and

17 | California Class Members have suffered economic injuries including, but not limited to, loss of

18 | overtime wages.  DEFENDANT has profited from its unlawful, unfair, and/or fraudulent acts and

19 | practices in the amount of those unpaid overtime wages, and interest.

20 |     65.    PLAINTIFF Sidwell and similarly situated California Class Members are entitled to

21 | restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid

22 | overtime, and interest since four years prior to the filing of this action.

23 |     66.    PLAINTIFF Sidwell and similarly situated California Class Members are entitled to

24 | enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business &

25 | Professions Code § 17202.

26 |     67.    PLAINTIFF Sidwell's success in this action will enforce important rights affecting

27 | the public interest.  In this regard, PLAINTIFF Sidwell sues on behalf of the public as well as on

28 | behalf of himself and others similarly situated.  PLAINTIFF Sidwell seeks, and is entitled to,

1    unpaid overtime compensation, declaratory and injunctive relief, civil penalties, and any other

2    appropriate remedy.

3         68.    Injunctive relief is necessary and appropriate to prevent DEFENDANT from

4    continuing and repeating the unlawful, unfair and fraudulent business acts and practices alleged

5    above.

6         69.    In order to prevent DEFENDANT from profiting and benefiting from its wrongful

7    and illegal acts and continuing those acts, it is appropriate for the Court to issue an order requiring

8    DEFENDANT to disgorge all the profits and gains it has reaped and restore such profits and gains

9    to PLAINTIFF Sidwell and the California Class Members, from whom they were unlawfully taken.

10        70.    PLAINTIFF Sidwell has assumed the responsibility of enforcement of the laws and

11   lawful claims specified herein. There is a financial burden incurred in pursuing this action, which

12   is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal.

13   Code of Civil Procedure § 1021.5.

14        71.    By all of the foregoing alleged conduct, DEFENDANT has committed, and is

15   continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the

16   meaning of Cal. Business & Professions Code §17200, *et seq.*

17        72.    As a direct and proximate result of the unfair business practices described above,

18   PLAINTIFF Sidwell, other California Class Members, and members of the general public have all

19   suffered significant losses and DEFENDANT has been unjustly enriched.

20        73.    Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFF Sidwell, other

21   California Class Members, and member of the general public are entitled to: (a) restitution of

22   money acquired by DEFENDANT by means of its unfair business practices, in amounts not yet

23   ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANT'S continuation

24   of its unfair business practices; and (c) a declaration that DEFENDANT'S business practices are

25   unfair within the meaning of the statute.

26        74.    PLAINTIFF Sidwell, on behalf of himself and similarly situated California Class

27   Members, requests relief as described below.

28

1                              **X.**    **REQUEST FOR JURY TRIAL**

2          75.    PLAINTIFFS request a trial by jury on behalf of themselves and the above

3 described similarly situated Class and Collective Action Members.

4                                **XI.**    **PRAYER FOR RELIEF**

5          76.    WHEREFORE, PLAINTIFFS, on behalf of themselves and all members of the

6 FLSA Collective Action Members, prays for relief as follows:

7          A.    Designation of this action as a collective action on behalf of the FLSA Collective

8 Action Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §

9 216(b) to all similarly situated FLSA Collective Action Members, apprising them of the pendency

10 of this action, and permitting them to assert timely FLSA claims in this action by filing individual

11 Consent forms pursuant to 29 U.S.C. § 216(b);

12          B.    Designation of PLAINTIFFS as Representatives of the FLSA Collective Action;

13          C.    A declaratory judgment that the practices complained of herein are unlawful under

14 the FLSA;

15          E.    An award of damages, according to proof, including liquidated damages, to be paid

16 by DEFENDANT;

17          F.    Costs of action incurred herein, including expert fees;

18          G.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

19          H.    Pre-Judgment and Post-Judgment interest, as provided by law; and

20          I.    Such other relief as this Court deems necessary, just, and proper.

21          77.    WHEREFORE, PLAINTIFF Sidwell on behalf of himself and the above-described

22 Rule 23 Class of similarly situated California Class Members, requests relief as follows:

23          A.    Certification of the above-described Rule 23 Class as a class action, pursuant to

24 Federal Rule of Civil Procedure, Rule 23;

25          C.    Provision of class notice to all California Class Members;

26          D.    A declaratory judgment that DEFENDANT has knowingly and intentionally

27 violated the following provisions of law:

28                1.    Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 9 by failure

1    to pay overtime compensation to California Class Members;

2            2.     Cal. Labor Code §§ 201-203, for willful failure to pay overtime

3    compensation at the time of termination of employment; and

4            3.     Cal. Business and Professions Code §§ 17200-17208, by failing to pay

5    overtime compensation to California Class Members under California law and the FLSA and by

6    willfully failing to pay all compensation owed to California Class Members upon termination of

7    employment;

8        E.     A declaratory judgment that DEFENDANT'S violations as described above were

9    willful;

10        F.     An equitable accounting to identify, locate, and restore to all current and former

11    California Class Members the wages that are due;

12        G.     An award to PLAINTIFF Sidwell and the California Class Members of damages in

13    the amount of unpaid overtime compensation, including interest thereon, subject to proof at trial;

14        J.     An award of penalties owed, pursuant to Labor Code § 203, to all California Class

15    Members who left DEFENDANT'S employ without receiving all compensation (including

16    overtime wages) owed at the time.

17        K.     An award of penalties owed, pursuant to Labor Code § 226 for failure to provide

18    accurate, itemized wage statements.

19        L.     An order requiring DEFENDANT to pay all California Class Members required

20    overtime compensation.

21        M.     An order requiring DEFENDANT to pay restitution of all amounts owed to

22    PLAINTIFF Sidwell and similarly situated California Class Members for DEFENDANT'S failure

23    to pay legally required overtime pay (under state and federal law), and interest thereon, in an

24    amount according to proof, pursuant to Business & Professions Code § 17203.

25        N.     An award to PLAINTIFF Sidwell and the California Class Members of reasonable

26    attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code

27    §§ 216, 1194, and 2802 and/or other applicable law.

28        O.     An award to PLAINTIFF Sidwell and the California Class Members of such other

1 | and further relief as this Court deems just and proper.

2 | DATED:  September 27, 2010.

3 |                                        RUKIN HYLAND DORIA & TINDALL LLP

4 |

5 |                                        By _____

6 |                                        PETER RUKIN
                                           Attorneys for PLAINTIFFS

7 |                                        Peter Rukin (SBN 178336)
                                           RUKIN HYLAND DORIA & TINDALL LLP
8 |                                        100 Pine Street, Suite 725
                                           San Francisco, CA 94111
9 |                                        Telephone: (415) 421-1800
                                           Facsimile:  (415) 421-1700
10 |                                       E-mail: peterrukin@rhdtlaw.com

11 |                                       Todd S. Heyman (pro hac vice to be filed)
                                           Robert E. Ditzion (pro hac vice to be filed)
12 |                                       SHAPIRO HABER & URMY LLP
                                           53 State Street 13th Floor
13 |                                       Boston, MA 02109
                                           Telephone: (617) 439-3939
14 |                                       Facsimile: (617) 439-0134
                                           E-mail: theyman@shulaw.com
15 |                                       E-mail: rditzion@shulaw.com

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          - 16 -

## CONSENT TO JOIN COLLECTIVE ACTION

I _Mack Ward_ hereby consent to join the lawsuit, William Sidwell

and Mack Ward v. Fluor Enterprises, Inc.

N.D. Calif., Case No. _____, as a party plaintiff, to assert claims against these

defendants (and any other entities that may be added as Defendants) for violations of the

Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

Executed in _Bakersfield Ca_, on _9/23/10_
            City/State              Date

_Mack Ward_
Signature

_MACK Ward_
Name Printed

**REDACTED**

## CONSENT TO JOIN COLLECTIVE ACTION

I _____ hereby consent to join the lawsuit, William Sidwell

and Mack Ward v. Fluor Enterprises, Inc.

N.D. Calif., Case No. _____, as a party plaintiff, to assert claims against these

defendants (and any other entities that may be added as Defendants) for violations of the

Fair Labor Standards Act, 29 U.S.C. § 201 et seq.


Executed in _____, on _____

City, State                        Date


_William E Sidwell._
Signature

_William Sidwell_
Name Printed


### REDACTED